1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11  DISH NETWORK L.L.C., et al.,

12          Plaintiff(s),

13  v.

14  ALONZO TRUJILLO,

15          Defendant(s).

Case No.: 2:19-cv-00005-GMN-NJK

**REPORT AND RECOMMENDATION**

(Docket No. 9)

16      Pending before the Court is Plaintiffs' motion for default judgment on Count III of the

17  complaint.  Docket No. 9 at 1.  For the reasons stated below, the Court **RECOMMENDS** that

18  default judgment be entered against Defendant on Count III of the complaint and that Plaintiffs be

19  awarded $10,000 and permanent injunctive relief.

20  **I.      BACKGROUND**

21      This case is about satellite-television piracy.  Plaintiffs allege that Defendant circumvented

22  their security technology and intercepted DISH's broadcast without paying for it by subscribing to

23  a "pirate television service" that uses key-sharing called NFusion Private Server.  Docket No. 1 at

24  2.

25      On January 2, 2019, Plaintiffs sued Defendant, alleging three counts: circumventing an

26  access control measure in violation of 17 U.S.C. § 1201(a)(1); receiving satellite signals without

27  authorization in violation of 47 U.S.C. § 605(a); and intercepting satellite signals in violation of

28  18 U.S.C. §§ 2511(1)(a) and 2520—both part of the Electronic Communications Privacy Act of

1    1986 (ECPA). *Id. at* 5–6.  On January 9, 2019, Defendant was served with a copy of the summons

2    and the complaint.  Docket No. 5 at 1.  On January 14, 2019, the summons was returned to the

3    Court as executed.  *Id.*  Defendant had until January 30, 2019, to file an answer to the complaint.

4    *See id. at* 2.  Defendant failed to do so.

5          On February 14, 2019, Plaintiffs moved for the Clerk's entry of default against Defendant.

6    Docket No. 6.  The Clerk entered default against Defendant the next day.  Docket No. 7.  The case

7    then stagnated until August 15, 2019, when the Court ordered that a motion for default judgment

8    or voluntary dismissal be filed no later than September 6, 2019.  Docket No. 8.

9          On September 3, 2019, Plaintiffs filed the pending motion.  Docket No. 9.  Plaintiffs move

10   the Court to enter default judgment against Defendant on Count III and to award Plaintiffs statutory

11   damages of $10,000 and permanent injunctive relief.  *Id. at* 15.  Plaintiffs submit that, if their

12   request is granted, they will dismiss Counts I and II with prejudice.  *Id.*

13   **II.    ANALYSIS**

14        **A.  Default Judgment**

15        "When a party against whom a judgment for affirmative relief is sought has failed to plead

16   or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

17   party's default."  Fed.R.Civ.P. 55(a).  A plaintiff may obtain default judgment if the clerk entered

18   default.  Fed.R.Civ.P. 55(b)(2).  Plaintiffs applied to the Clerk for entry of default against

19   Defendant, and the Clerk entered default against Defendant.  Docket Nos. 6, 7.  The Court may

20   therefore appropriately consider entering default judgment against Defendant.

21        Whether default judgment should be entered is at the district court's sole discretion.  *See*

22   *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  A defendant's default alone does not

23   entitle a plaintiff to a court-ordered judgment.  *See id.*  Instead, a court should look at seven factors

24   before entering default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of

25   plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in

26   the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was

27   due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure

28   favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Upon

1  default, the complaint's well-pleaded allegations relating to liability are taken as true. *TeleVideo*
2  *Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).  The Court now applies the *Eitel*
3  factors here.

4      The first factor favors default judgment.  If default judgment is not entered against
5  Defendant, Plaintiffs might be effectively denied a remedy.  That denial alone is enough to meet
6  the first factor's burden.  *See Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494,
7  499 (C.D. Cal. 2003).

8      The second and third factors favor default judgment.  Default judgment is favored when
9  the claims are meritorious and the complaint sufficiently states a claim for relief.  *See PepsiCo,*
10 *Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *Danning v. Lavine*, 572
11 F.2d 1386, 1388–89 (9th Cir. 1978).  Thus, the Court must assess the claims and complaint.

12     Section 2511(1)(a) bars any person from "intentionally intercept[ting], endeavor[ing] to
13 intercept, or procur[ing] any other person to intercept or endeavor to intercept, any wire, oral, or
14 electronic communication."  18 U.S.C. § 2511(1)(a).  That section does not provide a private right
15 of action.  *See EchoStar Satellite, L.L.C. v. Viewtech, Inc.*, 543 F. Supp. 2d 1201, 1208 (S.D. Cal.
16 2008).  Section 2520 does provide a private action, however, for violating Section 2511(1)(a).  *Id.*
17 Section 2520(a) provides that "any person whose wire, oral, or electronic communication is
18 intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover
19 from the person or entity" that "engaged in that violation such relief as may be appropriate."  18
20 U.S.C. § 2520(a).

21     To state a claim under Section 2520(a) for a violation of Section 2511(1)(a), Plaintiffs must
22 plead facts that show that Defendant intentionally intercepted Plaintiffs' satellite-television
23 broadcasting without authorization.  *See DIRECTV Inc. v. Webb*, 545 F.3d 827, 844 (9th Cir.
24 2008).  An allegation that the defendant used a key-sharing television-service to illegally intercept
25 the broadcasting suffices to allege a claim.  *See, e.g.*, *DISH Network, LLC v. Del Vecchio,* 2011
26 WL 4747848, at *3–4 (W.D.N.Y. Oct.7, 2011).  Plaintiffs allege that Defendant used a key-sharing
27 television-service to intercept DISH's broadcasting without paying for it.  Docket No. 1 at 2.  Thus,
28 Plaintiffs' complaint states a plausible claim for relief.

3

1    The fourth factor favors default judgment.  Default judgment is disfavored when "the sum
2 of money at stake is completely disproportionate or inappropriate." *Twentieth Century Fox Film*
3 *Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006).  Plaintiffs seek $10,000 for statutory
4 damages under Section 2520(c)(2)(B).  Congress has permitted courts to award the greater of: (1)
5 the plaintiff's actual damages and any profits of the violator; or (2) statutory damages of $100 a
6 day for each day of violation or $10,000.  18 U.S.C. § 2520(c)(2)(B).  "Because Congress has
7 expressly authorized a court to award damages of $10,000, the Court cannot conclude that this
8 amount is per se unreasonable such that it would preclude or weigh against the entry of default
9 judgment." *Dish Network L.L.C. v. Gonzalez*, 2013 WL 2991040, at *4 (E.D. Cal. June 14, 2013).

10    Factors five and six also favor default judgment.  First, there is unlikely to be a dispute
11 about material facts because, given the sufficiency of the complaint and that Defendant is in
12 default, the allegations in the complaint are taken as true.  *Televideo Sys.*, 826 F.2d at 917–918.
13 Second, Defendant's failure to respond or litigate this case cannot be attributable to excusable
14 neglect, because he was properly served with a summons and the complaint.  Docket No. 5; *see*
15 *also United States v. High Country Broad.  Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

16    Factor seven does not favor default judgment, as default judgment does not allow for a
17 decision on the merits in the instant case.  Nonetheless, Defendant's failure to appear in this case
18 makes it impossible to decide the case on the merits.  *See LHF Prods., Inc. v. Boughton*, 299 F.
19 Supp. 3d 1104, 1116 (D.  Nev. 2017).

20    In sum, each *Eitel* factor save factor seven favors default judgment.  Therefore, the Court
21 finds that the entry of default judgment against Defendant is appropriate.

22    **B.  Damages**

23    A plaintiff must prove all damages sought in the complaint, and the damages may not
24 "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. 54(c);
25 *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

26    Plaintiffs seek an award of damages under Section 2520(c)(2) in the amount of $10,000
27 against Defendant.  Docket No. 9 at 7.  The Court may award either the statutory sum or no
28 damages at all.  *Gonzalez*, 2013 WL 2991040, at *8 (collecting cases).  There are six factors for

1   courts to consider in assessing the propriety of damages: "(1) the severity or minimal nature of the

2   violation; (2) whether there was actual damage to the victim; (3) the extent of any intrusion into

3   the victim's privacy; (4) the relative financial burdens of the parties; (5) whether there was a

4   reasonable purpose for the violation; and (6) whether there is any useful purpose to be served by

5   imposing the statutory damages amount." *Id.* (citing *DirectTV, Inc. v. Rawlins*, 523 F.3d 318,

6   325–26 (4th Cir. 2008)).

7       Plaintiffs concede that the exact amount of time Defendant intercepted DISH broadcasting

8   cannot be determined from the evidence now available.  Docket No. 9 at 9.  Defendant had access

9   for at least two years, however. *See* Docket No. 1 at 5.  To be sure, the somewhat minimal nature

10  of Defendant's known interception weighs against imposing the statutory damages.  Indeed,

11  $10,000 likely far exceeds what a two-year subscription to DISH costs.  Further, the third factor

12  does not apply to this case, and the fourth factor is neutral because the parties' financial burdens

13  are, at best for Plaintiffs, unclear.

14      The three remaining factors, however, weigh more heavily in favor of awarding the

15  statutory damages: (1) Plaintiffs suffered actual damages; (2) there was no legitimate purpose for

16  violating the ECPA; and (3) an award of statutory damages will serve an important purpose.  First,

17  again, Plaintiff intercepted DISH broadcasting for two years.  Thus, Plaintiff has lost out on at

18  least two years' worth of revenue.  Second, as pleaded in the complaint, there was no legitimate

19  reason for Defendant's piracy.  Finally, awarding no damages would effectively give Defendant

20  two years of satellite television for free while also ignoring Plaintiffs' harm.  Thus, awarding

21  statutory damages would serve the ECPA's deterrent purpose. *Id. at* 10 (citing *Rawlins*, 523 F.3d

22  at 327–28).

23      For these reasons, the Court finds that an award of $10,000 in statutory damages is

24  appropriate.  That amount will hold Defendant accountable for his misconduct and will deter

25  Defendant and others from committing similar acts in the future.

26      **C. Permanent Injunction**

27      Plaintiffs seek a permanent injunction under Section 2520(b)(1).  Docket No. 9 at 11.

28  Injunctive relief is appropriate when a party shows: "(1) that it has suffered an irreparable injury;

1   (2) that remedies available at law, such as monetary damages, are inadequate to compensate for

2   that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a

3   remedy in equity is warranted; and (4) that the public interest would not be disserved by a

4   permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

5         The Court finds that Plaintiffs' request for a permanent injunction is appropriate. First,

6   Plaintiffs have suffered irreparable injury as immeasurable revenues have been diverted from

7   Plaintiffs because of Defendant's conduct. *See Coxcom, Inc. v. Chafee,* 536 F.3d 101, 112 (1st

8   Cir.2008) (upholding district court grant of permanent injunction given the difficulty in measuring

9   lost revenue from pay-per-view service). Second, damages alone are inadequate to prevent future

10  piracy without injunctive relief. Third, Defendant would suffer no hardship as a result of the

11  imposition of a permanent injunction because he would be prevented only from engaging in illegal

12  conduct. *Id.* Fourth, the public interest would be served by protecting copyrights and aiding in

13  the enforcement of federal law. *Id.*

14        The Court finds that all the criteria for a permanent injunction have been met and it is thus

15  appropriate to enjoin Defendant permanently from "circumventing or assisting others to

16  circumvent Plaintiffs' security system, or otherwise intercepting or assisting others to intercept

17  DISH's satellite signal" and "testing, analyzing, reverse engineering, manipulating, or otherwise

18  extracting codes, data, or information from Plaintiffs' satellite receivers, smart cards, satellite

19  stream, or any other part or component of Plaintiffs' security system." Docket No. 9 at 15; *see*

20  *Gonzalez*, 2013 WL 2991040, at *11 (recommending similar injunctive relief on similar facts).

21  **III.   CONCLUSION**

22        For the reasons stated above, the Court **RECOMMENDS** that:

23        1.  Plaintiffs' motion for default judgment be **GRANTED**; and

24        2.  Judgment be entered against Defendant as follows:

25              a.  $10,000 in statutory damages for violating 18 U.S.C. §§ 2511(1)(a) and

26                  2520(a); and

27              b.  Immediate permanent injunctive relief enjoining Defendant from: (1)

28                  circumventing or assisting others to circumvent Plaintiffs' security system, or

6

otherwise intercepting or assisting others to intercept DISH's satellite signal and (2) testing, analyzing, reverse engineering, manipulating, or otherwise extracting codes, data, or information from Plaintiffs' satellite receivers, smart cards, satellite stream, or any other part or component of Plaintiffs' security system.

IT IS SO ORDERED.

Dated: September 27, 2019

_____
Nancy J.  Koppe
United States Magistrate Judge

## **NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).